# IN RE NATIONAL CANDY COMPANY.

### TRADEMARKS.

While the word "Navy" would not be registerable as a trademark for use on goods which are manufactured especially for use by the Navy, as it would be descriptive, it is not descriptive as applied to candy, as candy, although used to a limited extent in the Navy and included in its supplies, is not an essential part of such supplies. Nor is the registration of the word, as so applied, against public policy, as it does not refer to the United States Navy specifically, and its proposed use does not suggest that the government has given its approval to the goods to which it is applied.

No. 633. Patent Appeals. Submitted May 10, 1910. Decided May 26, 1910.

HEARING on an appeal from a decision of the Commission of Patents refusing to register a mark as a trademark.

*Reversed.*

Mr. *Frank F. Reed*, Mr. *Edward S. Rogers*, and Mr. *Francis M. Phelps* for the appellant.

Mr. *Webster S. Ruckman* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal [by the National Candy Company] from the decision of the Commissioner of Patents refusing registration of the word "Navy," inclosed within four concentric circles, as a trademark for candy. It was held by the Commissioner that this mark is descriptive and deceptive, and that its registration will be against public policy. This conclusion was reached upon the ground that the goods upon which the mark, if registered, is to be used are among the supplies purchased by the United States government for its Navy. We do not think that candy belongs to a class of goods that would be readily associated in the public mind with the general supplies which are furnished by the government in equipping its Navy. There are classes of goods which are manufactured especially for use by the Navy. The public at once associates these articles with the use to which they are generally applied. Manifestly the word "Navy" would not be registerable as a trademark for use on such goods; but we do not think that candy comes within this class. Doubtless it is used to a limited extent in the Navy, as elsewhere; but its use cannot be associated chiefly with the Navy; nor is it used as an essential part of the naval supplies or equipment. We are of opinion that, as a mark for candy, it is purely fanciful and arbitrary, and meets the requirements of a technical trademark.

The word as here used does not refer to the United States Navy specifically, but in a generic sense. There is nothing in the proposed use of the word to suggest that the government

has given its approval to the character or quality of the merchandise on which it is used as a trademark. It does not, therefore, come within the class of tradenames, the registration of which is prohibited on the ground of public policy.

The decision of the Commissioner of Patents is reversed, and the clerk is directed to certify these proceedings as by law required. *Reversed.*

Mr. Justice BARNARD, of the supreme court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the absence of Mr. Chief Justice SHEPARD.